# THE LAKE ONTARIO NATIONAL BANK, RESPONDENT, *v.* THE ONONDAGA COUNTY BANK, APPELLANT.

*Corporation — dissolution of — cannot be effected by a resolution of its directors — Revised Statutes, part 3, chapter 8, title 4, article 3.*

A resolution of the directors of a bank, that said bank go into liquidation, be closed and its business cease, and that its franchises be surrendered, does not operate to dissolve the corporation.

Nothing but an act of the legislature repealing its charter, or a decree of a competent court, can dissolve a corporation so as to preclude suits and actions against it to enforce its debts and liabilities.

A corporation can only effect its voluntary dissolution by petition to the Supreme Court, and proceedings under article 3, title 4, chapter 8, part 3 of the Revised Statutes.

APPEAL from an order of the Special Term appointing a receiver upon the petition of a judgment creditor in a proceeding under section 36 of article 2 of title 4, chapter 8, part 3 of the Revised Statutes.

*G. W. Kennedy,* for the appellant.

*N. W. Nutting,* for the respondent.

E. DARWIN SMITH, J.:

On and prior to the 21st day of February, 1875, the appellant was a regularly organized bank under the statutes of this State, providing for the organization of State banks. On or about that day the directors of said bank, as appears from the affidavit of its cashier and notice of that date by him served upon the superintendent of the bank department of said State, passed a resolution that said bank go into liquidation, be closed and its business cease on that day, and that its franchises be surrendered; and thereupon the securities deposited with said superintendent be returned.

The proceedings under section 36 of article 2, chapter 8, part 3 of the Revised Statutes (2 R. S., 463), entitled, "Of proceedings against corporations in equity" for the appointment of a receiver of a corporation after judgment recovered and execution returned unsatisfied against it, and for the sequestration of its property and effects, and such is this proceeding, doubtless assumed the actual and continued existence of the corporation. Such proceedings could not be instituted and sustained against a dissolved or extinct corporation.

It is claimed on the part of the appellant, that the proceedings of the directors and officers of the Onondaga County Bank above stated, operated to dissolve said corporation, and that thereafter no valid judgment could be recovered against said bank, and that it had no officers who could be served with or receive process for that purpose.

This we think a mistake. A corporation can only effect its voluntary dissolution in the manner prescribed in article 3 of the title, chapter and part of the Revised Statutes aforesaid. The proceedings of the directors of the defendant's bank were clearly not taken under said article, and are not in conformity therewith; and

were, therefore, entirely ineffectual to accomplish the dissolution of said corporation and abortive.

The discontinuance of the business of the bank under said resolution, could work no dissolution of the corporation. Nothing but an act of the legislature repealing its charter or a decree of a competent court can dissolve a corporation so as to preclude suits and actions against it to enforce its debts and liabilities. This has recently been so expressly decided by the Court of Appeals in *Kincaid* v. *Dwinelle* (59 N. Y., 552).

The order in this case of the Special Term was, therefore, entirely regular and correct, and should be affirmed, with costs.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Order affirmed, with costs.